NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7192


DENNIS F. BRADLEY,

                                    Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

                                    Respondent-Appellee.


_____

DECIDED:  May 12, 2006

_____


Before MICHEL, <u>Chief Judge</u>, NEWMAN and MAYER, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.


        Mr. Dennis F. Bradley appeals from the decision of the Court of Appeals for

Veterans Claims[1] holding that the Board of Veterans Appeals did not commit clear and

unmistakable error (CUE) in deciding Mr. Bradley's claim.  Because the Court of Appeals

---

        1        <u>Bradley v. Nicholson</u>, No. 03-658, (C.A.V.C. August 1, 2005) (judgment);
(March 15, 2005) (memorandum opinion).

for Veterans Claims applied the correct legal standard, because no constitutional violation has been shown, and this court does not possess jurisdiction to review the application of the legal standard to the facts of a particular case, the judgment is affirmed.

BACKGROUND

Mr. Bradley served two tours of active duty in the Army, from November 1959 to September 1962 and from August 1964 to June 1967, including service in Vietnam. He was diagnosed with degenerative disk disease in his March 1967 discharge examination. X-ray examination at that time revealed a minimal but definite narrowing of the L4-L5 intervertebral space.

At a physical examination in July 1967, a VA physician attributed the disk injury to Mr. Bradley's lifting heavy boxes on detail, for Mr. Bradley stated that he performed this task. The diagnosis was "negative [for] lumbar spine [disease]" and that "degenerative disk disease was not found," contrary to the March 1967 diagnosis. The Regional Office (RO) denied service connection for back injury in August 1967. Mr. Bradley filed a Notice of Disagreement in September 1967 but did not file an appeal to the Board of Veterans Appeals.

In March 1994, on Mr. Bradley's request for review, the Board found that "intermittent and progressive low back symptomatology over the years are the residuals of the low back injury during active duty," and he apparently was given a 20% disability rating by the RO in November 1994. However, the Board determined that the 1967 decision of the RO was not clear and unmistakable error, and did not warrant a retroactive effective date. Mr. Bradley appealed this ruling.

05-7192

The Court of Appeals for Veterans Claims vacated the March 1994 Board decision, and remanded for determination of whether the outcome would have been different if consideration had been given to the March 1967 discharge diagnosis of in-service back injury. On remand the Board acknowledged that it was error not to have taken the discharge diagnosis into account, but stated that "the result would not have been manifestly different but for the error" because the July 1967 physician had disagreed with the March 1967 discharge diagnosis, and it was not CUE for the RO to have relied on the later examination. Thus the Board held that there was not clear and unmistakable error in the 1967 RO decision.

At a medical examination on November 12, 1997, the medical officer diagnosed a "severe" disk herniation at L1-L2, the lumbar spine, with "severe pain in lower back radiating to both legs." Consequently, the RO increased Mr. Bradley's disability rating to 40% retroactive to April 23, 1990, and to 60% effective November 12, 1997. Mr. Bradley filed a Notice of Disagreement as to this decision, seeking both a higher rating and an earlier effective date.

Mr. Bradley filed another claim in January 2001, asserting CUE in the August 1967 RO decision. In November 2001 the RO determined that there was no CUE in the earlier decision. On appeal to the Board, in March 2003 the Board held that although there was evidence of degenerative disk disease and low-back pain as far back as 1992, Mr. Bradley did not meet the criteria for a 60% disability rating until November 12, 1997, even taking into account functional loss due to pain. The Board stated that Mr. Bradley's argument that the RO failed to apply 38 U.S.C. §1154[2] was not raised in a timely fashion, but that even

---

2    **38 U.S.C. §1154(b)**. In the case of any veteran who engaged in combat with

applying §1154, "the RO would still have had a rational basis for denying his claim, [because] the most recent medical evidence of record indicated that he did not have the claimed condition."

Mr. Bradley again appealed to the Court of Appeals for Veterans Claims. The court affirmed that there was no evidence of intervertebral disk syndrome prior to November 1997. Mr. Bradley argued that the Board had failed to apply 38 U.S.C. §§1110 and 1154(b). Regarding §1110 ("the United States will pay to any veteran thus disabled . . . compensation as provided in this subchapter"), the court held that this compensation had already been addressed in the Board decision of March 1997. Regarding §1154(b), the Board held that even if the discharge diagnosis provided evidence of service-connection, a disability rating requires the existence of actual disability at the effective date of the rating. Since the physician found that Mr. Bradley's back did not show degenerative disk disease at the time of his medical examination in July 1967, the Court of Appeals for Veterans Claims found that Mr. Bradley did not meet the requirements for a 60% disability rating in 1967 even applying §1154; that is, that the result would be the same on the standard of §1154. This appeal follows.

## DISCUSSION

---

the enemy in active service . . . the Secretary shall accept as sufficient proof of service-connection [evidence without official record and] shall resolve every doubt in favor of the veteran. Service-connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary.

05-7192

4

This court has jurisdiction to review appeals from the Veterans Court regarding "the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. §7292(c). However, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. §7292(d)(2). The government argues that none of the criteria for review is met. Mr. Bradley presents various arguments to bring this appeal within our jurisdiction.

## A

Mr. Bradley first contends that the RO failed to apply 38 C.F.R. §4.2, which explains that different examiners may describe the same disability using different language. Mr. Bradley points out that the July 1967 physical examination reported "pain on motion" and the November 1967 examination reported "recurrent lower back strain -- minimal disability," although both examinations concluded that there was not degenerative disk disease. He argues that this was CUE, and that the RO should have made a decision of disability based on the finding of lower back strain.

Mr. Bradley also contends that the RO failed to apply the presumption, established by 38 U.S.C. §1154(b), that service-connection exists for an injury to a combat veteran unless the connection is rebutted by clear and convincing evidence. In addition, Mr. Bradley argues that the RO failed to apply 38 U.S.C. §1110, which provides for compensation for veterans who sustained or aggravated injuries in service. He states that modern MRI technology would have been able to detect the degenerative disk disease which was not apparent using the X-ray equipment of 1967.

05-7192

All of these arguments involve the application of law to fact, and are excluded from our appellate jurisdiction. Moreover, the issue of the application of 38 U.S.C. §1110 is the subject of a separate final unappealed Board decision and on that basis is not reviewable on this appeal. See 38 U.S.C. §7105(c) (determination becomes final unless a notice of disagreement is filed).

**B**

Mr. Bradley next argues that the Court of Appeals for Veterans Claims applied an incorrect legal standard for 38 U.S.C. §1154(b), in its holding that there was "plausible evidence" supporting the Board's decision. We do not have authority to review the Board's factual findings or to determine the weight and plausibility and probative value of the evidence on which the findings were based. However, to the extent that Mr. Bradley argues that the Veterans Court applied the incorrect legal standard of review under 38 U.S.C. §7261(a)(4), we do have jurisdiction but discern no such error. See Lennox v. Principi, 353 F.3d 941, 946 (Fed. Cir. 2003).

**C**

Mr. Bradley argues that the statutes providing that the Federal Circuit cannot review factual findings in veterans cases, 38 U.S.C. §§511, 7292, are in violation of the equal protection guaranty of the Fifth and Fourteenth Amendments of the Constitution. He states that because the Court of Appeals for the Federal Circuit has jurisdiction to review factual findings in other areas of its jurisdiction, it discriminates against veterans to limit Federal Circuit review in veterans cases.

Challenges to governmental violation of the equal protection clause are reviewed to ascertain whether the challenged action is reasonably related to a rational government

05-7192

interest. When the challenge includes an assertion of discrimination, particularly against a class that has historically been discriminated against, the action receives heightened scrutiny. Compare Williamson v. Lee Optical of Okla., Inc., 348 U.S. 483, 491 (1955) (regulation of opticians reviewed for rational basis) with Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 237 (1995) (race-based classifications are subject to strict scrutiny and are reviewed to determine whether they are narrowly tailored to further compelling government interests).

The statute establishing the paths of judicial review of veterans' claims is tied to the several levels of review provided by the regional office, the Board of Veterans Appeals, and the Court of Appeals for Veterans Claims; all of these tribunals can review the factual foundations of a veteran's claim. The Federal Circuit, however, has been assigned only limited statutory and constitutional review. See Forshey v. Principi, 284 F.3d 1335, 1345 n.7 (Fed. Cir. 2002) (discussing legislative history). The congressional position that veterans' claims can receive no more than three levels of factual review does not deprive veterans of equal protection, particularly in the context of veteran-friendly presumptions. We conclude that the review procedure is not discriminatory treatment under the Constitution.

**D**

Mr. Bradley states that VA physicians ignored some of the information he presented to them, that some of his medical records are missing, that he was not given the benefit of the doubt as required by 38 U.S.C. §5107(b), and that other administrative deficiencies represent a failure of due process. These concerns all reflect his challenge to the

resolution of factual questions; we do not possess jurisdiction to review individual factual determinations.

Due process includes that veterans receive "adequate notice of the judicial disposition of their claim and an adequate opportunity to challenge an adverse ruling." Eastern Paralyzed Veterans Assoc. v. Principi, 257 F.3d 1352, 1359 (Fed. Cir. 2001). The regional office, the Board, and the Court of Appeals for Veterans Claims have reviewed Mr. Bradley's claim; there is no issue of notice or opportunity to challenge. We discern no failure of due process in the proceedings with respect to Mr. Bradley.

**E**

Finally, Mr. Bradley argues that the government violated the RICO statutes, 18 U.S.C. §1961 et seq., by conspiring to deprive him and similarly situated veterans of their just disability compensation. Mr. Bradley has not presented a prima facie case of RICO violation, even if all disputed facts are resolved in his favor, for the procedures in this administrative and judicial history do not support an allegation of racketeering influence. The matters here at issue relate to findings on the merits of his claim, in the various administrative and judicial tribunals serving veterans. As we have explained, the Federal Circuit cannot review these findings, for the issues all are factual in nature or involve the application of law to fact.

Each party shall bear its costs.